**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 09-02048** |
| | **Chapter 11** |
| PMC MARKETING CORP | |
| | **Adversary No. 12-00109** |
| **Debtor(s)** | |
| **NOREEN WISCOVITCH RENTAS** | |
| **Plaintiff** | |
| **vs.** | |
| **HUMBERTO PEREZ FREYTES** | |
| | **FILED & ENTERED ON 08/29/2013** |
| **Defendant(s)** | |

**<u>OPINION & ORDER</u>**

Before this court is Trustee/Plaintiff's Motion for Reconsideration of Dismissal [Dkt. No. 23] and Defendant's Opposition to Defendant's Motion for Summary Judgment [Dkt. No. 24]. For the reasons set forth below, Trustee/Plaintiff's Motion for Reconsideration of Dismissal is DENIED. The adversary remains dismissed.

**I. Background**

Debtor, PMC Marketing Corporation, filed a voluntary chapter 11 bankruptcy petition on March 18, 2009. Plaintiff served summons on the Defendant on May 17, 2012, but such summons were returned as unclaimed. On September 3, 2012, Defendant filed a Motion to Dismiss and to

Quash Summons for failure to serve within 14 days pursuant to Federal Rule of Bankruptcy Procedure, Rule 7004(e). Fifty-one days later on October 24, 2012, Defendant requested this Court enter an order in light of the fact that Plaintiff had failed to reply to the their dismissal Motion. This Court granted such request and dismissed this instant Complaint on November 1, 2012. Trustee/Plaintiff's Motion for Reconsideration of Dismissal and Defendant's Opposition followed.

**II. Motion for Reconsideration**

Courts often entertain motions for reconsideration under either Rules 59 or 60 of the Federal Rules of Civil Procedure, depending on the time when such motion is served. See Perez–Perez v. Popular Leasing Rental, Inc., 993 F.3d 281, 284 (1st Cir.1993). The First Circuit has recognized that "[a] motion for reconsideration does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance new arguments that could or should have been presented to the district court prior to judgment." Marks 2–Zet–Ernst Marks GMBH & Co. KG v. Presstek, Inc., 455 F.3d 7, 15–16 (1st Cir.2006).

Accordingly, a Rule 59(e) motion for reconsideration usually cannot be granted absent highly unusual circumstances, unless the court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law. See Prescott v. Higgins, 538 F.3d 32, 45 (1st Cir.2008); see also Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir.1994)(citing F.D.I.C. Ins. Co. v. World University, Inc., 978 F.2d 10, 16 (1st Cir.1992; Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.2009) (quoting 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir.1999)). Under a Rule 60(b) motion for reconsideration, a court may relieve a party from a final judgment, order or proceeding only if the moving party can establish within a reasonable time under extraordinary

circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from the judgment. Backlund v. Barnhart, 778 F.2d 1386, 1387 (9th Cir.1985); Twentieth Century–Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir.1981) (internal citations omitted) ("Relief under Rule 60(b)(6) must be requested within a reasonable time, and is available only under extraordinary circumstances.").

Thus, for judicial economy purposes, counsel in a motion for reconsideration must set forth the following: (1) genuine reasons why the court should revisit its prior order; and (2) compelling facts or law in support of reversing the prior decision. See Frasure v. United States, 256 F.Supp.2d 1180, 1183 (D.Nev.2003). Accordingly, a motion for reconsideration must not be used as a vehicle to re-litigate matters already litigated and decided by the Court. See Standard Quimica de Venezuela v. Central Hispano Int'l, Inc., 189 F.R.D. 202 n. 4 (D.P.R.1999). A motion for reconsideration is unavailable if said request simply brings a point of disagreement between the court and the litigant, or re-argues theories already properly disposed of by the Court. See e.g. Waye v. First Citizen's National Bank, 846 F.Supp. 310, 314 n. 3 (M.D.Pa.1994); Resolution Trust Corp. v. Holmes, 846 F.Supp. 1310, 1316 (S.D.Tex.1994) (footnotes omitted). Summarily, Rule 59(e) and 60(b) and are not "intended to give an unhappy litigant one additional chance to sway the judge." Durkin v. Taylor, 444 F.Supp. 879, 889 (E.D.Va.1977).

In this instant case, Plaintiff requests this Court to reconsider its motion to dismiss and that the court issue new summons with a time extension of twenty (20) days to serve such summons to the Defendant. Plaintiff argues that the Defendant was served prior to the expiration of the 120-day period dictated by Fed.R.Civ.P., Rule 4 and that Defendant did not request the summons served to be

quashed until October 24, 2012. Therefore, because Defendant will not be prejudiced upon this Court granting another brief time extension with its previous knowledge of such case and that a good cause exists, this Court should reconsider its previous dismissal. Even if a good cause does not exist, Plaintiff argues that a special circumstance exists because this instant action would be time barred if this adversary proceeding remained dismissed.

In opposition, Defendant argues that pursuant to Fed.R.Civ.P. , Rule 59, a motion to alter or amend a judgment must be brought within 14 days after the Court entered its dismissal order. Therefore, because Plaintiff brought forth this Motion 15 days after the dismissal order, this Motion for Reconsideration needs to be treated as one brought under Fed.R.Civ.P., Rule 60(b). Defendant argues that Rule 60 mandates a strict standard in which relief can only be granted sparingly. Therefore, in order to have an excusable neglect, Plaintiff's omission must address the reasons for the delay in light of extraordinary circumstances. Defendant further points out that the Trustee incorrectly cited October 24, 2012 as the date in which the Defendant filed its Motion to Quash and Dismiss; the correct date was September 3, 2012. Therefore, pursuant to Local Bankruptcy Rule 9013-1(h)(2)(H), Plaintiff had until October 3, 2012, or 30 days after the filing of the Motion to respond or said Motion would be deemed unopposed. Defendant further points out that although Fed.R.Civ.P., Rule 4(m) permits this Court to extend the period of service, good cause must be shown. Defendant contends that to this day, the Plaintiff has failed to provide the court with any excuse, reason, or circumstance, either to support a finding of reasonableness with regards to the extension of time to effect service under Fed.R.Civ.P., Rule 4(m), now requested untimely, or to support a finding of excusable neglect, or extraordinary circumstances under Rule 60 (b)(1) or Rule 60 (b)(6).

After reviewing both parties' arguments, and the relevant law, this court concludes that Plaintiff does not present this Court with adequate reasoning to justify good cause nor a special circumstance in demonstrating that the court's previous reasoning constituted a manifest error of law. Further, Plaintiff fails to present newly discovered evidence nor any intervening change in law. As the record demonstrates, Plaintiff has a trend of neglecting court deadlines and requesting extensions from the court. Plaintiff merely rehashes previous arguments every time she asks this Court for extensions and fends off previous extensions as mere neglect. This Court will not address further arguments raised by either parties as the Plaintiff failed to meet her burden meriting reconsideration. In the interests of judicial economy and the policy advanced by case law for motions for reconsideration, mere "disagreement between the court and the litigant" for which Plaintiff sought reconsideration is grossly inappropriate. See Waye, 846 F.Supp. at 314 n. 3. Accordingly, Plaintiff's motion for reconsideration is DENIED.

WHEREFORE, IT IS ORDERED that Plaintiff's motion for reconsideration shall be, and it hereby is, DENIED. The Clerk to enter Judgment and close this adver**sary.**

SO ORDERED

San Juan, Puerto Rico, this 29th day of August, 2013.

Brian K. Tester
U.S. Bankruptcy Judge